Dear Sen. McPherson:
You have requested that we reconsider Opinion Number 85-590 which held that La. R.S. 39:1595.5 was not applicable to purchases made by public bidding since such transactions were not "at retail" as provided in the statute. You have asked that we specifically review the application of this statute to a pending procurement of IBM name brand microcomputers by the Office of State Purchasing, which procurement will cost in excess of $20,000,000.
We have reviewed the materials furnished to this office with your opinion request and the previous opinion of our office and find no basis for reversing that earlier opinion.
Your request suggests that the legislative intent in adoption of Act 356 of 1985 was to extend a five percent preference to any vendor selling to the State of Louisiana, "who is a retail dealer located in the state of Louisiana . . ." La. R.S. 39:1595.5. Several Civil Code Articles related to the interpretation of laws are relevant to this matter. They are as follows:
 Article 9. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature.
 Article 11. The words of a law must be given their generally prevailing meaning. . . .
 Article 13. Laws on the same subject matter must be interpreted in reference to each other.
In reaching the conclusion of Opinion 85-590 that R.S. 39:1595.5
was not applicable to procurements by public bid, we found the language of the new statute to be "clear and unambiguous" with no "absurd consequence" resulting, therefore it was not appropriate to inquire into legislative intent. Civil Code Art.9. In considering the language of R.S. 39:1595.5, we gave to the words used their "generally prevailing meaning". Civil Code Art. 11.
Webster's Third New International Dictionary defines the term "at retail" used in the statute as, "at a price customarily asked by a retailer". "Retail" is defined as "the sale of commodities of goods in small quantities to ultimate consumers", and "in small quantities: from a retailer." None of these definitions of the "generally prevailing meaning" of the words used in the statute seems inclusive of a public bid transaction in excess of $20,000,000 where the contract will be used by the State over a twelve month period to place micro computers in hundreds of different offices of state and local government. Civil Code Art. 11.
The Louisiana Procurement Code contains several provisions which deal with preferences for Louisiana vendors and these "laws on the same subject matter must be interpreted in reference to each other." Civil Code Art. 13. R.S. 39:1594H, enacted in 1979, provides:
 H. Resident business preference. In state contracts awarded by competitive sealed bidding, resident businesses shall be preferred to nonresident businesses where there is a tie bid and where there will be no sacrifice or loss in quality.
R.S. 39:1595.1, enacted in 1981, provides in pertinent part:
 1595.1. Preference in awarding contracts. A. In the awarding of contracts by any public entity . . . where both in-state and out-of-state vendors are bidding, in-state vendors shall be given a preference in the same manner that any of the out-of-state vendors would be given on a comparative bid in their own state . . ."
We are advised that the low responsive bidder in the microcomputer solicitation in question is from Illinois. In order to ascertain the proper application of R.S. 39:1595.1, above, we have reviewed the applicable provisions of Illinois law, namely Chapter 30, Section 505/6, par. e. which provides in pertinent part:
 e. When a public contract is to be awarded under competitive selection procedures, a resident contractor must be allowed a preference as against a non-resident bidder from any state which gives or requires a preference to contractors from that state. The preference is to be equal to the preference given or required by the state of the non-resident contractor.
This Illinois statute parallels R.S. 39:1595.1 and is what has become known as a "reciprocal preference", creating an in-state price advantage only if the out-of-state bidder's home state has a preference for its own residents. This "reciprocal preference" does not constitute a direct preference for Illinois bidders which then would activate Louisiana's own reciprocal preference statute.
In 1985, Act 356 enacted R.S. 39:1595.5 without amending or repealing the two previously quoted provisions dealing with resident business preference and, for the first time in the Procurement Code, introduces the term "when purchasing items at retail". In keeping with the requirement of Civil Code Art. 13, I have sought to interpret this new provision in reference to the earlier enactments on resident business preferences since these provisions were not repealed or amended by Act 356 of 1985. In viewing these enactments together and trying to give some meaning to each of them and the word "retail" (which appears six times in the new statute), we concluded that the new provisions must apply to those procurements made by purchasing agents which are below the public bid threshold established by Executive Order 92-53, and therefore will usually be made from a retail dealer in small quantities. This interpretation gives effect to the newly introduced term "at retail" and also conforms to the generally prevailing meaning of that term as found in the dictionary. It also gives effect to all three statutory provisions dealing with in-state business preference, albeit giving each only a limited scope as determined by the precise terminology of the enactment.
Therefore, it is our opinion that the award by State Purchasing of contract number 205-20-01 for IBM name brand microcomputers should be made without giving preference to any bidder because of the resident or in-state status of that bidder when compared to other bidders.
I trust that this adequately answers your inquiry. Please let me know if we can be of further assistance on this matter.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: GLENN R. DUCOTE Assistant Attorney General
GRD:449